ORIGINAL

# In the United States Court of Federal Claims

No. 16-482
Filed: September 30, 2016

FILED
SEP 3 0 2016
U.S. COURT OF
FEDERAL CLAIMS

*******************************************
*
*
REJEANA MERRIMAN,                          *
*
Plaintiff, *pro se*,                       *
*                    Jurisdiction;
v.                                         *                    Tucker Act, 28 U.S.C. § 1491
*                    RCFC 12(b)(1) (Motion to Dismiss)
THE UNITED STATES,                         *
*
Defendant.                                 *
*
*
*******************************************

**Rejeana Merriman**, Tucson, Arizona, *pro se*.

**Jeffery David Klingman**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND ORDER

BRADEN, *Judge*.

I.      RELEVANT FACTUAL BACKGROUND.[1]

On April 18, 2016, a Complaint was filed in the United States Court of Federal Claims by Rejeana Merriman, the mother of Dominic Liebe Monier-Moreno. The Complaint alleges a number of tort, civil rights, and criminal claims against individuals and state officials. Compl. at 2. The Complaint alleges that Ms. Merriman was raped by Michael Allen Moreno[2] and that he committed acts of domestic violence against her and Dominic. Compl. at 4, 8, 51–68.

The April 18, 2016 Complaint also alleges misconduct by state officials, i.e. Arizona state court judges, attorneys, a secretary, a police investigator, and a psychologist. Compl. at 5, 7–9, 11–18. Other claims alleged include: "negligent judges and attorneys;" "judicial misconduct;" "[d]eliberate and malicious actions of judicial officials and attorneys;" "misrepresentations,

---

[1] The relevant facts discussed herein were derived from the April 18, 2016 Complaint ("Compl.").

[2] Mr. Moreno is Dominic's father.

7012 3460 0001 7791 6978

malicious prosecution actions and deliberate deceit;" "slander[,] libel and defamation of character;" "judicial officials . . . failing to protect and aiding and assisting [a] rapist and [an] attorney;" "virtually kidnapping;" "attempts to aid and assist the case to legally kidnap a child from his mother;" and "aiding and assisting in legal rape." Compl. at 7–9, 11–18, 19, 22–23, 25–28.

## II. PROCEDURAL HISTORY.

On April 18, 2016, Ms. Merriman ("Plaintiff") filed a Complaint in the United States Court of Federal Claims and a Motion For Leave To Proceed *In Forma Pauperis*.

On May 23, 2016, the court issued an Order granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.

On June 17, 2016, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

On July 6, 2016, Plaintiff filed a Response ("Pl. Resp.").

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act . . . ."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages . . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law that he relies upon "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [The plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.  Standard of Review for a Motion to Dismiss Pursuant to RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [RCFC] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### C.  The Government's July 22, 2013 Motion to Dismiss.

#### 1.  The Government's Argument.

The Government argues that the claims alleged in Plaintiff's April 18, 2016 Complaint are not within the subject matter jurisdiction of the court. Gov't Mot. at 1, 4. The United States Court of Federal Claims does not have subject matter jurisdiction over claims against private individuals or state officials. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The United States Court of Federal Claims] is without jurisdiction of any suit brought against private parties."); *see also Fullard v. United States*, 78 Fed. Cl. 294, 301 (2007) ("[T]he United States Court of Federal Claims does not have jurisdiction to [adjudicate] claims against states or state officials."). In addition, Plaintiff's tort and civil rights claims are not within the court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *see also Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("Because all of [the plaintiff's] claims are based on the Eighth Amendment or are essentially tort claims, the Court of Federal Claims lacked subject matter jurisdiction over this case . . . ."). Nor does the court have subject matter jurisdiction over claims governed by the federal criminal code. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (affirming a United States Court of Federal Claims order dismissing plaintiff's criminal claims). All of Plaintiff's claims are tort, criminal, or civil rights claims against individuals or state officials. Therefore, the April 18, 2016 Complaint should be dismissed pursuant to RCFC 12(b)(1).

#### 2.  The Plaintiff's Response.

Plaintiff responds by urging the court not to dismiss this case because of injustice, judicial misconduct, and lack of resources to properly litigate claims. Pl. Resp. at 4.

#### 3.  The Court's Resolution.

*Pro se* plaintiffs' pleadings are reviewed under a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). The United States Court of Federal Claims traditionally has examined the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Cl. Ct. 456, 468 (1969). Nevertheless, although the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke*, 60 F.3d at 799.

Plaintiff's April 18, 2016 Complaint and July 6, 2016 Response In Opposition To The Government's Motion To Dismiss do not establish that Plaintiff's claims implicate the United States on a jurisdictional basis. Under the Tucker Act, the United States Court of Federal Claims has jurisdiction to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

Plaintiff's April 18, 2016 Complaint is directed against private individuals and members of the state judiciary of Arizona. No claim alleged is against the United States. Therefore the court does not have subject matter jurisdiction over the allegations in the April 18, 2016 Complaint. *See* 28 U.S.C. § 1491(a)(1); *see also Sherwood*, 312 U.S. at 588.

## IV.   CONCLUSION.

For these reasons, the Government's June 17, 2016 Motion to Dismiss is **granted** in this case. *See* RCFC 12(b)(1). Accordingly, the Clerk is directed to dismiss the April 18, 2016 Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**